CITY OF MANKATO v. COUNTY OF BLUE EARTH.[1]

November 21, 1902.

Nos. 13,162—(172).

**Control of Contagious Disease.**

    The health officer of a municipality is justified in incurring the expense of furnishing medical treatment for the purpose of controlling a contagious disease, when the county physician, whose duty it is, refuses to treat the infected persons, and such expense may be recovered against the county.

**Liability of County.**

    The county is liable, under Laws 1902 (Ex. Sess.) c. 29, for the necessary additional salary paid the local health inspector for extra services in locating and combating contagious diseases.

Proceedings in the district court for Blue Earth county under Laws 1902 (Ex. Sess.) c. 29, for the collection from defendant county of expenses incurred by plaintiff in the control of a smallpox epidemic. The case was tried before Cray, J., who found in favor of plaintiff for the sum of $519.75. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*S. B. Wilson*, for appellant.

*C. O. Dailey*, for respondent.

[1] Reported in 92 N. W. 405.

LEWIS, J.

This action was brought by respondent for the purpose of reimbursing itself for expenses incurred in combating a smallpox epidemic, and in the care and treatment of certain pauper patients, residents of plaintiff city, who were stricken with the disease.

From the record it appears that between February 21, and April 1, 1902, one hundred thirty-nine cases were discovered, and that the board of health placed certain of these persons in quarantine; that one Hielscher was a qualified and practicing physician and surgeon, residing in the city, and during that time was the health officer, and a member of the board of health; that one McCollum was then a duly appointed and acting health inspector of the city, and when the epidemic broke out, as health officer of the city, Hielscher took charge of the cases as they appeared, and caused the patients to be removed and provided for, and personally treated them as a physician for the time mentioned in the bill of account. The court also found that the county physician of that district was in general practice therein, but that he refused to treat such patients, and that the items of expense were necessarily incurred in the general care and control of the contagion, and were reasonably of the value charged.

The account was resisted by the county upon the ground that McCollum was under pay by the city as a health inspector, and that the county was in no way responsible for the duties performed by him in inspecting with reference to contagious diseases; also that the county was not chargeable with the services of the health officer, Hielscher, for treatment of the patients, because he had never been employed by the county to perform such services; that the county physician was the proper person to represent the county in that respect, and it was his duty to take charge of them and give the necessary medical treatment.

Laws 1902 (Ex. Sess.) c. 29 went into effect on March 11, 1902, and there is involved in this appeal only that part of the account which was incurred subsequent to the time this law went into effect. Section 29 of the original act, as amended by chapter 29, provides that all necessary expense incurred by any board of health in the general control of contagious and infectious diseases within

any town, village, or city shall be a charge in favor of such town, village, or city against the county in which the same is situated; and it is made the duty of the chairman of the board of health to present a detailed statement of the expense so incurred, duly verified, to the county auditor of the county, and it is made the duty of the county commissioners to audit the statement, or so much thereof as they shall determine to be just and proper, provision being made for an appeal.

The question presented is whether or not all of the items charged in the account were necessary expenses incurred by the board of health of the respondent city for the purpose of controlling the epidemic. It is practically conceded by appellant that all of the items referred to in the account were properly allowed, except those for the services of the health officer and his health inspector.

Chapter 101, G. S. 1894, deals generally with the subject of infectious and epidemic diseases, and the preservation of the public health. A state board of health is established, and means are provided for the regulation and control of all local boards of health for the purpose of avoiding the spreading of infectious diseases. From the very nature of such diseases, in order that the purpose of the act may be speedily accomplished, it was necessary to put into the hands of local boards of health the power of immediate action. Hence by the amendment it is provided that, upon the breaking out of such an epidemic, the constituted authorities, who are present and have notice thereof, have power to act.

It is true that where the patients are a county charge, as in this instance, it becomes the county's first duty to furnish medical care through its representative, the county physician, who is under pay for that purpose. But there is an express finding that the county physician was requested to treat these patients, and refused. It has been suggested that it was not in the power of the county physician to refuse; that he should have been compelled to perform his duty, or, if he would not, then application should have been made to the county commissioners to secure the requisite services. We do not think the act justifies such construction. It is the evident intent and spirit of the whole law to provide a speedy method of controlling and stamping out such diseases, and,

although it was made the duty of the county physician to perform such services, it would be unreasonable to require the public to undergo the delay and suspense attendant upon securing another representative of the county in the manner suggested. It must be assumed that, for the purpose of caring for people afflicted in such a manner, the county physician is the duly accredited representative of the county, and a refusal on his part to perform the services was ample justification for the health board to take the matter in their own hands, and furnish the medical attendance necessary to control and eliminate the infection.

No distinction can be drawn between expenses incurred in removing the patients into quarantine, furnishing them shelter and necessary supplies for their comfort, and the expense of medical attendance, for such services are required not only to allay the sufferings of patients, but also to control the epidemic. It appears from the record that the services performed by McCollum as health inspector were in pursuance of a special contract or arrangement made with him by Dr. Hielscher that he was to hold himself in readiness to perform such duties as an inspector as might be required of him during the infection, and in consideration of his services he was to be allowed the sum of one dollar a day for the time so employed. While the extra services rendered were in the capacity of city health inspector, yet, the court having found that they were necessary in the extirpation of the disease, the item comes within the definition of expenses as expressed in Laws 1902 (Ex. Sess.), c. 29.

Order affirmed.