TOWN OF LOURISTON v. BOARD OF COUNTY COMMISSIONERS OF SWIFT COUNTY.[1]

February 27, 1903.

Nos. 13,181—(53).

**Contagious Disease—Liability of County.**

A person and his family resided in a county continuously for more than one year, and then moved to an adjoining county and became residents thereof. Having been taken sick with a contagious disease, after they became residents therein, the board of health of the town caused them to be quarantined and cared for. They never had been paupers or a public charge, but were unable to pay the expenses connected with their confinement and treatment. In an action by the town to recover for expenses connected with their quarantine, care, and treatment, against the county where they formerly resided, *held*, that the county was not liable, under G. S. 1894, § 7059, for the reason that the family had acquired a legal residence in the other county at the time the expense was incurred.

Appeal by defendant from a judgment of the district court for Swift county, entered pursuant to the findings and order of Qvale, J. Reversed.

*Frank P. Olney*, for appellant.

*Fosnes & Schulz*, for respondent.

LEWIS, J.

The plaintiff is a town in the county of Chippewa, and brought this action to recover from the county of Swift certain expenses

1 Reported in 93 N. W. 1052.

incurred in connection with quarantining a family taken sick with smallpox, and with furnishing them with medical attendance, supplies, and care.

The facts as found by the trial court are that John Cherry and family, consisting of his wife and several children, had continuously for more than one year prior to March 31, 1900, resided and acquired a legal settlement in the county of Swift; that on March 31 the family removed from Swift county, and located in the plaintiff town, in Chippewa county, where they thereafter remained and resided; that between April 22 and the following May 12 the four minor children were taken sick with smallpox, and on May 12 the wife succumbed to the disease, and died on May 28. That the town supervisors, constituting the board of health, were notified of the existence of the disease, and quarantined the family from April 30 until June 18; that the board of health was obliged to employ a physician to attend to the sick ones, whose services therefor were of the value of $198, and necessarily incurred the further expense of $17.50 for medicine, $28.16 for merchandise and groceries, $3.75 for wood, and $22.50 burial expenses of the wife. The court further found that Cherry was unable to pay for such medical attendance and supplies for his family during the sickness; that prior to such time he had always provided for himself and his family, and that neither he, nor any member of his family, had ever received public aid; and the court held, as a matter of law, that the county of Swift was liable to plaintiff in the sum of $269.56, and ordered judgment accordingly, from which judgment defendant board of county commissioners appeals.

The action is brought under the provisions of G. S. 1894, §§ 7059, 7073, and the only question necessary to dispose of is whether Cherry had acquired a legal settlement or residence in the county of Chippewa, within the meaning of the poor laws as defined by Laws 1897, c. 291. Section 7059, so far as pertinent, reads as follows:

"When any person coming from abroad, or residing in any town, village, borough or city, within this state, is infected or lately has been infected with the smallpox, or other contagious disease dangerous to the public health, the board of health of the town,

village, borough or city where such sick or infected person is, may immediately cause such person to be removed to a separate house, if it can be done without danger to [his] health, and shall provide for such person or persons, nurses, medical attendance and other necessaries which shall be a charge in favor of such town, village, borough or city upon the person so provided for, his parents, guardian or master, if able; otherwise upon the county in which he has a legal settlement, or upon the state, if said person be a nonresident of the state and has no property within the state."

Section 7073 provides for the making and auditing of a statement of the expenses incurred for the control of infectious or contagious diseases.

Section 1954, G. S. 1894, provided that any person who had resided in any county one year continuously should, for the purposes of this chapter, be deemed to have gained a legal residence and settlement in such county. Laws 1897, c. 291, is an amendment, so far as it defines legal residence, and is entitled:

"An act to fix the legal residence of insane persons, paupers and other dependents."

"Section 1. Legal Residence—Every person who shall have resided at any place within the boundaries of the state of Minnesota for one year continuously, shall be deemed to have gained a legal residence and settlement in the state of Minnesota for the purposes of this act.    *    *    *

"Sec. 2. Residence in counties, cities, villages and towns—Every person who shall have resided within the boundaries of the state of Minnesota for more than one year continuously but shall not have resided within the boundaries of any county for one year continuously shall have a legal residence, for the purposes of this act, in that county wherein he has resided for the longest period of time within the preceding year.    *    *    *"

These laws with reference to the care and maintenance of the poor are drawn with the purpose of holding that county responsible for their care wherein such insane persons, paupers, and dependents have longest resided, and is founded upon the principle. that there is a natural obligation on the part of such county to take care of them, and upon the necessity of making some restriction upon the tendency of townships and counties to send their unfortunates beyond their limits and thus make them a charge upon some other community. G. S. 1894, c. 101, tit. 3, of which

section 7059, supra, is a part, constitutes a law which has for its purpose the control and subjection of contagious diseases, for the benefit of the public, and the locality most directly interested is the county in which the contagion occurs. The quarantine of those attacked with the disease, their care and maintenance, is an incident to the control of the contagion, and it naturally follows that if such persons are at the time residents of the county, such county is to bear the necessary expense of their care, provided the people themselves, or their relatives and representatives, are unable to do so. These acts are independent of and have no relation to the poor laws, except when the person stricken with the disease were paupers or dependents while still residents of the former county. Section 7059 is applicable both to those who come from abroad and those residing within the municipality. The words "legal settlement" are synonymous with "legal residence," and in this case Cherry had become a resident of Chippewa county when the expense was incurred.

Judgment reversed.