CHAIRMAN OF BOARD OF HEALTH OF VILLAGE OF BUFFALO
LAKE v. BOARD OF COUNTY COMMISSIONERS OF
RENVILLE COUNTY.[1]

May 29, 1903.

Nos. 13,481—(95).

**Board of Health—Employment of Member.**

A town or village board of health, formed under the provisions of the
general statutes, one of whose members is a practicing physician and
surgeon, may employ such physician to act for the board in all matters
requiring such services. Stone v. Bevans, 88 Minn. 127, distinguished.

**Chairman of Board.**

The chairman of such board of health is authorized by Laws 1901,
p. 378 (c. 238), in his official name and capacity, to present an itemized
statement of all expenses incurred by the board in the matter of quar-
antining persons affected with contagious diseases to the board of county
commissioners for allowance, and to conduct all proceedings to enforce
payment of the same; and, when an appeal is taken from the action of
the county commissioners to the district court, judgment may be
awarded in his name as such official.

**Expense of Quarantine—Laws 1901, c. 238.**

The expenses involved in this action, which were incurred by the
village board of health in the matter of quarantining certain persons
affected with smallpox, were incurred partly prior and partly subse-
quent to the passage of Laws 1901, p. 378 (c. 238). *Held*, under the
provisions of that statute, that the whole expense was a proper charge
against the county.

**Payment by Village.**

The village in which such patients were quarantined, though under no
legal obligation to do so, voluntarily paid to the various persons en-
titled thereto the amounts due them according to the statement of the
chairman of the board of health, but it does not appear that such pay-
ment was made or received in discharge of the indebtedness. *Held*, that
its action in that respect did not release the county.

Plaintiff presented for payment to the board of county com-
missioners of Renville county an itemized statement of expenses
incurred by the village of Buffalo Lake in the control of smallpox,

[1] Reported in 95 N. W. 221.

which was disallowed and plaintiff thereupon appealed to the district court for said county. The case was tried before Qvale, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Frank Murray,* County Attorney, for appellant.

*R. H. McClelland* and *C. M. Tifft,* for respondent.

BROWN, J.

The facts in this case are as follows: For more than a year prior to March, 1901, W. J. Gille, his wife and children, resided in the village of Buffalo Lake, Renville county, and with them resided one Henry Jackman, all of whom had a legal settlement and residence in that county. In March of that year they were taken ill with smallpox at their residence, and the board of health of Buffalo Lake at once assumed control over and quarantined them, and in their subsequent care and treatment incurred certain expenses for merchandise, necessaries of life, medical care and attendance necessarily furnished them. They were during all said time in destitute circumstances, and were each and all indigent and utterly unable to pay for such necessaries, care, or treatment. The expenses so incurred were itemized, and a statement thereof, duly verified, presented to the board of county commissioners for allowance, and was by that body disallowed, from which action an appeal was taken to the district court, where, after trial before the court without a jury, the foregoing facts, though in greater detail, were found, and judgment against the county ordered for the sum of $174.98. Judgment was entered pursuant to the order, from which the board of county commissioners appealed to this court.

The several assignments of error made by appellant were grouped in the brief under six heads, only three of which require special mention.

1. The itemized statement of account was presented to the board of county commissioners by E. C. Gaines, as chairman of the village board of health; and the proceedings were thereafter conducted in his name as plaintiff, but in his official capacity and name. The point is made that he is not the real party in interest,

and that the proceedings and judgment should have been in the name of the village of Buffalo Lake.

The statute (Laws 1901, p. 378, c. 238), under which the account was presented to the board of county commissioners is peculiar in some respects, but we think a fair construction thereof authorizes the chairman of the board of health to act for the village, if the latter may be said, under the present statutes, to be at all interested in the matter. The statute provides generally that the chairman of any county, town, or village board of health which has incurred any expense in the control of contagious diseases shall present a statement of the same, giving the names and addresses, so far as possible, of each person cared for, and the items of expense incurred, duly verified, to the county auditor of the county in which the town, city, or village is situated, to be by that officer presented to the board of county commissioners for their action. It makes such expenses a charge against the county, and the board of county commissioners are required to allow the same, when just and reasonable. It provides for an appeal from the action of the commissioners if the claim be disallowed in whole or in part, and that "the chairman" of the board of health "may appear in person or by counsel" on the trial of the appeal. It recognizes him, in his official capacity, as the proper person to conduct all proceedings in such matters, and it is reasonably clear that judgment in his favor is fully warranted by the statute. Whether he is required to or gives bond for the faithful performance of his duties is not controlling. He acts in his official capacity, and in cases where the county board disallows the claim, and judgment is obtained in the district court against the county, he must necessarily act as a disbursing officer.

The situation is in no way changed by the fact that the village has advanced the expenses in question to the health officer. It was under no obligation to do so, and it does not appear that the payment was made or received in discharge of the debt, and its action cannot operate to relieve the county. 22 Am. & Eng. Enc. (2d Ed.) 536, and cases cited. If by such payment the village became entitled to reimbursement, the recovery by and in the name of the chairman of the board of health places him, as to the

judgment or proceeds collected therefrom, in the position of a trustee, and he may be compelled to account to it.

2. The chairman of the board of health was a physician, and was employed by the village board of which he was a member to render professional services to the patients under quarantine, and a portion of the account presented to the board of county commissioners for allowance was for services rendered by him as such physician. The contention is made that, the chairman being a member of the board of health, it was incompetent for the board to employ him; that the case comes within the provisions of the Penal Code which prohibit a member of a municipal board, city council, or other public body from being interested in any contract authorized to be made or entered into by the board. Stone v. Bevans, 88 Minn. 127, 92 N. W. 520, and other similar cases, are cited to sustain this view.

We think the cases distinguishable. The law requires that one member of every board of health shall be a practicing physician and surgeon, and this requirement was not without purpose. The object of the legislature in incorporating this provision into the law is obvious. It was clearly for the purpose of providing the board with a person competent to treat diseases of a contagious character, and there can be no doubt that it contemplated his employment in all cases where professional services of the kind are necessary. If this were not so, the provision requiring a physician to be upon the board would be of no purpose or effect. The general rule which prohibits a member of a board or council from employing or contracting with one of the members thereof does not therefore apply. Further, the village board of health which employed Gaines had no authority or power in respect to fixing his compensation. Whether the physician employed by a board of health, under circumstances as here involved, is to be compensated for his services from the public treasury, and to what extent, is a question to be determined by the board of county commissioners, and the local board has no voice or power to act in that behalf. Hence one of the strongest and the principal reason for the prohibitory rule in such cases is absent.

3. A portion of the expenses incurred and for which recovery was had in this case was incurred prior to the passage of Laws 1901, p. 378 (c. 238), and when Laws 1895, p. 189 (c. 69), was in force. By the act of 1895 the expense incurred in the control of an infectious and contagious disease was made a charge against the town or village in which the persons affected with such disease were residents and were quarantined. By the act of 1901 this expense was made a charge upon the county, and the town, village, or city chargeable under the law of 1895 released. We are of opinion that the contention of appellant in this respect should not be sustained. The expense incurred in controlling contagious diseases and preventing their spread among the people is one of a public nature, and properly made, in cases where the persons infected with such disease are paupers and dependent upon charity for support, a public charge. The mere fact that the legislature saw fit and proper to shift the burden from the town, village, or city to the county would not warrant a division of the expenses incurred, in a continuing case, partly before and partly subsequent to such change in the law. Indeed, the act of 1901 indicates that the legislature had in mind that, in all probability, cases were pending where a quarantine had been established and expenses were being incurred at the time of the passage of the act, and it expressly enacted that all expenses theretofore or thereafter incurred should be a charge against, and paid by, the county. In view of this explicit language, we think the legislature intended the act to cover pending cases of quarantine.

We have carefully examined all the other assignments of error, and find no basis on which to reverse the case. The item of relief furnished Mrs. Timmermann was not challenged by a specific assignment, and was not discussed in appellant's brief.

Judgment affirmed.