VILLAGE OF LAKE CRYSTAL v. BOARD OF COUNTY COMMISSIONERS
OF BLUE EARTH COUNTY.[1]

January 8, 1904.

Nos. 13,698—(183).

**Contagious Disease—Expenses of Towns.**
> Chapter 238, Laws 1901, relating to the expenses of towns and villages
> in controlling contagious diseases, construed, and *held* that bills for such
> expenses actually paid and adjusted before its enactment are not within
> its purview, and that its retrospective scope is limited to expenses there-
> tofore incurred, but not in fact paid, in continuing cases pending at the
> time of its enactment.

Appeal by plaintiff from an order of the district court for Blue Earth
county, Lorin Cray, J., denying a motion for a new trial.   Affirmed.

*D. A. Reed* and *W. E. Young,* for appellant.
*S. B. Wilson,* for respondent.

START, C. J.

The facts of this case are undisputed, and are as follows:  The plain-
tiff is a municipal corporation in the county of Blue Earth.   Between
May 1, 1900, and May 1, 1901, a contagious and infectious disease,
smallpox, existed and was epidemic among the people of the village.
In the care and control of the disease the village, by its board of health,
during the year stated, necessarily incurred and paid the reasonable
sum of $883.14.   Of this sum $801.64 was so incurred and paid prior
to April 11, 1901, and the balance thereof, $81.50, was incurred and
paid after that day.   The village, on September 3, 1901, duly presented
to the county auditor of the county a detailed statement of the sum
so incurred and paid, which was presented to the board of county com-
missioners of the county, who allowed as a claim against the county
$81.50 thereof incurred and paid after April 11, 1901, and disallowed
the balance.   The village appealed to the district court from the order
disallowing its claim.

[1] Reported in 97 N. W. 888.

The district court found the facts substantially as we have stated, and as a conclusion of law directed judgment affirming the action of the county commissioners. The village appealed from an order denying its motion for a new trial. The sole question for the decision of this court is, did the trial court err in its conclusion of law? The answer to this question depends upon the proper construction of Laws 1901, p. 378 (c. 238) approved and in effect April 11, 1901, which, so far as here material, reads as follows:

> "It shall hereafter be the duty of the chairman of any county, incorporated town, borough, town or village board of health, which has heretofore incurred or shall hereafter incur expenses for the control of infectious or contagious diseases in any such town or village, to present a statement thereof giving the name and address, so far as possible, of each person cared for, duly verified, to the county auditor  *  *  *  and it shall thereupon be the duty of the same board of county commissioners to audit the said statement or so much thereof as the said board shall determine to be just and proper."

The general rule is that, unless the contrary appears to have been intended by the legislature, statutes must be considered to be prospective, and not retrospective, in their operation. It is clear, however, from a mere reading of the statute in question, that it was intended to be not only prospective in its operation, but retrospective to some extent. But to what extent is it retrospective? Its retrospective provisions ought not to be extended by construction so as to make it unconstitutional or unjust in its operation if it may be otherwise fairly construed.

For some six years prior to the passage of the statute in question the towns and villages of the state were absolutely liable for the expenses of controlling contagious diseases within their respective limits, and were not entitled to reimbursement from the county. Laws 1895, p. 189 (c. 69). Now, if the statute we are considering is construed so as to include all sums theretofore paid by such municipalities in controlling contagious diseases, it will render its constitutionality doubtful, and lead to unjust results. Take this case as an illustration. When the village paid the $801.64, it discharged a claim for which it was

solely liable. The county was under no legal or moral obligation to pay it. If the statute be construed so as to give the village as a gratuity a cause of action against the county for the sum in question, then every other town or village which discharged its sole legal obligations by auditing and paying at any time prior to the enactment of the statute the expenses of controlling contagious diseases is given by it a cause of action therefor against the county. It is clear that such is not the meaning of the statute, and we hold that bills for controlling contagious diseases actually adjusted and paid by villages and towns prior to its enactment are not within its purview, and that its retrospective scope is limited to expenses theretofore incurred, but not in fact paid, in continuing cases pending at the time of its enactment. Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., 89 Minn. 402, 95 N. W. 225. It follows that the trial court's conclusion of law was correct.

Order affirmed.