A. E. COMSTOCK v. BOARD OF COUNTY COMMISSIONERS OF LE SUEUR COUNTY and Others.[1]

April 29, 1904.

Nos. 13,893—(115).

**Expenses of Boards of Health.**

Laws 1883, p. 185, c. 132, § 29, making towns, boroughs, and villages liable in the first instance for all expenses incurred by their boards of health, acting under the provisions of that statute, in efforts to control and prevent the spread of infectious and contagious diseases, was amended and repealed by subsequent legislation, so that in 1901 the county in which the town, borough, or village is situated was solely liable for all such expenses. The town, borough, or village was not during that year liable for such expenses, primarily or otherwise.

After Reargument, July 15, 1904.

**Liability under Contract.**

Chapter 238, p. 378, Laws 1901, changing the liability for expenses incurred in preventing the spread of contagious diseases from towns and villages to counties, did not change or abrogate contract relations then existing between individuals and such towns or villages. A contract existing at the time of the passage of that act, and under which an indebtedness against a village arose may be enforced against it. Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., 89 Minn. 402, and Village of Lake Crystal v. Board of Co. Commrs. of Blue Earth Co., 91 Minn. 247, distinguished.

[1] Reported in 99 N. W. 427; 100 N. W. 652.

Appeal by defendant village of Elysian from a judgment of the district court for Le Sueur county, entered pursuant to the findings and order of Cadwell, J.   Affirmed on rehearing.

*Daggett & Todd,* for appellant.

*L. D. Rogers* and *John Moonan,* for respondent.

BROWN, J.[2]

This action was brought against the board of county commissioners of Le Sueur county, the Village of Elysian, and the members of the board of health of said village, to recover for services performed, necessaries furnished, and the use of plaintiff's residence as a pesthouse, under a contract with the board of health, for the purpose of enabling it to control a contagious disease in said village.   The individual members of the board of health and the board of county commissioners interposed separate demurrers to the complaint, which were sustained by the trial court.   The cause thereafter went to trial as against the defendant village, and resulted in judgment against it for a portion of the amount claimed in the complaint.   The defendant village appealed from the judgment.

The only question presented for our consideration is whether defendant is, under our statutes, liable for debts contracted by its board of health in controlling contagious diseases.   This question is fairly presented by the first assignment of error, and is the only one requiring mention.   It appears from the stipulation of facts upon which the cause was submitted to the court below that upon March 7, 1901, a contagious disease, known as "smallpox," broke out in defendant village of Elysian, and, for the purpose of controlling and preventing the spread of the same, the board of health of the village quarantined certain persons in the dwelling house of plaintiff for the period of six weeks, and, to aid them in carrying out the purpose of the quarantine, the board entered into certain contracts with plaintiff, by which he furnished certain necessaries to the persons so quarantined, and performed certain services in assisting the board, and also leased his residence to the board as a pesthouse.   The necessaries furnished, services performed, and the use of the house were, in the aggregate, of

2 DOUGLAS, J., absent, took no part.

the value of the sum of $203.45. The trial court held that the village was liable for the payment of this indebtedness, and ordered judgment accordingly.

We are of opinion that the learned court was in error. The question presented is not what the law ought to be on this subject, nor what it might properly be made by the legislature, but what it was, as a matter of fact, at the time of the transaction. Decisions from other states touching the question in a general way can have no application, for it is controlled entirely by the construction to be given our statutes.

A brief reference to the several acts of the legislature bearing on the question is all that is necessary to show the intent of the lawmakers. Chapter 29, p. 77, Laws 1902, has no application, for the rights of the parties became fully vested and fixed under the statutes as they existed prior to the passing of that act. The original statute relating to infectious and contagious diseases, in which provision is made for controlling and preventing the spread of the same, is chapter 132, p. 178, Laws 1883. The subject is there fully covered. By section 29, p. 185, of that statute, it was provided that all expenses incurred by any town, borough, or village board of health for the purpose of controlling such disease should, in the first instance, be borne and paid out of the town, borough, or village treasury, by orders on the treasurer, and, further, that the proper authorities of such villages, boroughs, and towns should, after such payments were made, certify the amount required for reimbursement to the county auditor of the county, whose duty it was made to extend on the tax list of the county an amount sufficient to reimburse the town or village.

If this statute had been in force at the time the indebtedness here in question was contracted, there would be no question as to the liability of appellant; but it was amended and repealed by section 2, c. 4, p. 21, Laws 1885. By that act it was provided that all expenses incurred in the control of infectious diseases by any town, borough, or village board of health should be audited by the county commissioners, and paid out of the county treasury, as other claims against the county are audited and paid. The fact that in this statute it was further enacted that all expenses incurred by any city board of health should, in the first instance, be borne and paid out of the city treasury, shows clearly an intention on the part of the legislature to distinguish between towns,

boroughs, and villages, and cities; the towns, boroughs, and villages being wholly relieved from liability, and the primary liability as to cities being retained.

A further amendment of this statute is found in chapter 178, p. 295, Laws 1889. By that act, expenses incurred by the town or village boards of health are made chargeable against the county only when authorized by a member of the board of county commissioners, but it contains no reference to towns or villages. This statute was again amended by chapter 176, p. 313, Laws 1893, and again by chapter 238, p. 378, Laws 1901. These two latter acts are substantially similar, and make it the duty of the chairman of the town or village board of health, which has incurred expenses in the control of infectious or contagious diseases, to present a statement thereof to the county audit-or of the county in which the town or village is situated, and that it shall thereupon be the duty of the county auditor to place the same before the county commissioners at their next meeting; and it provides that the county commissioners shall audit the statement, or as much thereof as the said board shall determine to be just and proper. They restore the absolute liability of the county, and eliminate the supervisory authority of the county commissioners provided for by the act of 1889.

Nowhere in the last amendment or in any of the statutes subsequent to the act of 1883 is there anything to indicate that the legislature intended other than that the county should be alone liable for expenses of this character; and, in view of the fact that the liability of villages as fixed by the act of 1883 was wiped from the statutes by these subsequent amendments, we are unable to see our way clear to hold that any such liability existed at the time in question. The only conclusion to be reached is that the county was then solely liable for the payment of claims of this kind. The chairman of the board of health was required by the statute as it stood in 1901 to present a statement of all expenses incurred by the board to the county commissioners, and he could have been compelled to perform that duty. It is not to be presumed that he would fail to do so. The presumption is that all public officials perform their duties in the manner and at the time required by law. The board of health must, in view of the statutes referred to, be deemed the agent of the county in the matter of incurring the

indebtedness necessary to prevent the spread of contagious diseases, and not the agents of the town or village of which they are in fact officers. It was and still is the duty of the chairman of such board to prosecute claims presented by him to the board of county commissioners, and disallowed by that body, to judgment before the court; and the statement presented by him ought, under the statute, to be so full and complete that, if allowed by the county commissioners, or by the court on appeal from their action, warrants may be issued upon the county treasurer to the several persons to whom the amounts are allowed.

It is probable that the primary liability of towns and villages is restored by the act of 1902, above referred to; but the provisions of that act can have no application here, for it was passed after this transaction was closed, and we do not attempt to construe it. Section 7059, G. S. 1894, has no application to the case. That section was section 15 of the act of 1883, and made a part of the statute in view of the provisions of section 29 making towns and villages liable in the first instance for the payment of such expenses, but was rendered inoperative by the subsequent repeal of the latter section.

While the precise question was not presented in Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., 89 Minn. 402, 95 N. W. 221, the construction of the statutes here adopted seems to have been the view taken in that case. In the case just cited and in City of Mankato v. County of Blue Earth, 87 Minn. 425, 92 N. W. 405, and Town of Louriston v. Board of Co. Commrs. of Swift Co., 89 Minn. 91, 93 N. W. 1052, we held the county liable to the village or town for expenses incurred under the statute, but the question here presented was not involved or considered. The case under consideration is the only one where the precise question has been raised. In the cases referred to, the expenses had been paid by the town or village, and they were permitted to recover against the county. It was remarked in the Buffalo Lake case that the village was under no obligation to make the payment, and that the debt was not discharged thereby.

For the reason that the county is solely liable for expenses of this kind, the court below erroneously ordered judgment against defendant village, and it must be, and is, reversed.

On July 15, 1904, the following opinion was filed:

BROWN, J.

This cause was before the court at the present term, and the judgment appealed from was reversed. Subsequent to filing the opinion a reargument of the cause was granted upon the effect of chapter 69, p. 189, Laws 1895, as applied to the facts disclosed in the record, to which our attention was not called on the former hearing. We have fully considered the briefs on reargument, and reach the conclusion that the statute referred to controls the case, and that our former decision must be overruled, and the judgment appealed from affirmed.

Chapter 69, supra, which was not cited on the former hearing, and which we entirely overlooked in considering the case, made towns and villages solely liable for all expenses incurred in preventing the spread of contagious diseases. At the time the quarantine in question in this action was established and the contract made with plaintiff by which the indebtedness sought to be recovered against the village was incurred, that statute was in force, and entered into and became a part of the contract between the parties. The quarantine was established on March 7, 1901, and continued for a period of six weeks and two days, or until April 20. Between those dates—on April 11—the legislature, by chapter 238, p. 378, Laws 1901, relieved towns and villages from such liability, and made all such expenses a charge against the county. The county was, under that statute, as held in the former opinion, solely liable for all such expenses, and within the decisions of Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., 89 Minn. 402, 95 N. W. 221, and Village of Lake Crystal v. Board of Co. Commrs. of Blue Earth Co., 91 Minn. 247, 97 N. W. 888, it could be compelled to reimburse the town or village for expenses incurred in a continuing case. But at the time the contract here involved was entered into and the indebtedness incurred—at least the greater part of it—towns and villages were solely liable for all expenses of this kind. The rights of the parties became vested and fixed at the time the contract was entered into, and it was beyond the power of the legislature to impair its obligations, as between the individual creditor and the town or village, by shifting the liability from the town or village to the county. Plaintiff in this action has the right to rely upon and seek

relief in accordance with the contract between himself and the village. This was undoubtedly the view taken by the learned trial court, and is in accordance with legal principles. It must follow, therefore, that the judgment against the village was proper, and should be affirmed.

The question whether the portion of the indebtedness incurred after the change in the law shifting the liability from towns and villages to the county is a proper charge against the village we need not consider, for it was stipulated on the trial of the action in the court below that, if plaintiff was entitled to recover anything against the defendant village, he was entitled to recover the sum of $244.27. The sole question litigated in the court below was whether the defendant village or defendant county was liable for the expenses sought to be recovered, and the merits of plaintiff's claim were in no way involved.

The case is distinguishable from the cases above cited, viz., Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., and Village of Lake Crystal v. Board of Co. Commrs. of Blue Earth Co., for the reason that the question there determined was between the county and the village, and the individual rights of creditors were in no way involved or considered.

The former decision of the court is overruled, and the order appealed from is affirmed.