TOWN OF IOSCO v. BOARD OF COUNTY COMMISSIONERS OF WASECA COUNTY.[1]

July 29, 1904.

Nos. 13,899—(180).

**Expenses of Quarantine—Town Board of Health.**

Where a chairman of the town board of supervisors, upon information of the secretary of the state board of health, received information that an epidemic of smallpox was prevalent in his town, and incurred expenses to quarantine the persons afflicted therewith, but without receiving specific authority therefor from the town board of health, and the expenses were audited and paid by such board, the want of authority to order the

1 Reported in 100 N. W. 734.

quarantine was sufficiently ratified to authorize reimbursement from the county under the statutes of this state in force at the time.

**Expenses Incurred for Individual.**

Where a person in the town, whose residence was quarantined under the health laws, is responsible for expenses in attention to his personal affairs during the quarantine, the same is not a town charge, nor the subject of reimbursement from the county.

**Evidence.**

Evidence considered, and *held*, that the evidence sustains the findings· of fact which support the conclusion of law except in one particular instance, where personal services were rendered for an individual who was subjected to the quarantine.

The board of county commissioners of Waseca county having disallowed a claim for $279.52 presented by the plaintiff Town of Iosco for expenses incurred in controlling contagious disease, plaintiff appealed to the district court for said county. Issues were framed and the case was tried before Buckham, J., who found in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Modified.

*John Moonan,* for appellant.

*P. McGovern,* for respondent.

LOVELY, J.

The town of Iosco, in Waseca county, during the months of February and March was afflicted with one case of diphtheria and a smallpox epidemic. The secretary of the state board of health gave information thereof to the chairman of the board of supervisors of the town, who incurred expenses to quarantine the places of the afflicted persons and prevent the spread of contagion therefrom. The bills for these expenses were allowed by the town board. Afterwards statements were filed with the county auditor, and a claim made before the county board for reimbursement, which was disallowed. A review was sought in the district court, under chapter 238, p. 378, Laws 1901. The court heard the evidence, and upon findings of fact ordered judgment against defendant for the full amount of the claim. Upon a settled case containing the entire evidence there was a motion for a new trial, which was overruled. Defendant appeals.

The trial court made findings of fact to the effect that an epidemic existed during the time stated; that certain residents of Iosco were sick at their homes; that the board of health of the town established a quarantine there, which was necessary; that after the recovery of the afflicted persons the town disinfected the houses in which they resided to control the disease and prevent its spreading; that the parties so quarantined were pecuniarily responsible, and able to respond for the value of the services; also that the items of expense of the quarantine properly presented had been duly allowed and paid by the town, and thereafter an itemized statement of the accounts so incurred was filed with the auditor, and presented to the county board, but disallowed.

The proceeding to enforce the quarantine was made under sections 7047, 7048, G. S. 1894, but the claim for reimbursement rests upon the provisions of chapter 238, p. 378, Laws 1901, which was amended by chapter 29, p. 77, Laws 1902. That the town may recover all proper claims for the enforcement of a quarantine under the provisions of these statutes has been upheld by this court in Board of Health of Village of Buffalo Lake v. Board of Co. Commrs. of Renville Co., 89 Minn. 402, 95 N. W. 221, and previous cases referred to therein. The particular objection to the bills against the county sustained by decision of the district court which is questioned on this appeal is that by the terms of section 7048, G. S. 1894, the board of health did not, in the first instance, authorize the expenditures by the town. It is claimed that, under the section last referred to, the board of supervisors of the town, together with the physician to be employed by them, when, in their judgment, necessary, constituted the board of health, and that the duty of ordering and enforcing the quarantine rests with that body as a legal entity; hence, that the action of the chairman, who immediately, on notice from the secretary of the state board, proceeded to employ a physician, and then take steps to enforce the quarantine, was without authority, and furnished no sufficient basis for subsequent reimbursement against the county.

It is true the statute referred to requires action by the board of health eo nomine; but the supervisors of the town are ex officio the board of health, and it is only where they deem it necessary that a physician is to act with them that he becomes a member of such board, and in this instance the evidence and findings of the trial court establish that the

quarantine was necessary, and under such circumstances, if the chairman acts advisedly and wisely for the public good to prevent the spread of a contagious disease, which is a necessity of paramount importance to public health and the well-being of all citizens of the community, we cannot regard his action as so entirely without justification as to hold that it may not be ratified by the subsequent action of the supervisors. The provisions of law for the protection of the public against the spread of a pestilence are remedial, and to be largely and beneficially construed, to advance and subserve, but not embarrass, the purpose of their enactment. Effective regulations cannot be promptly and successfully enforced without the employment of efficient means to accomplish that result, which requires the speedy use of the necessary remedial agencies. To delay the institution of a quarantine until the board of supervisors can be called together might defeat the very purpose of the statute, and deprive the community of the benefits intended by the health laws of the state. Hence, under an emergency such as was found to have existed in this case by the trial court, where the chairman of the town board acts immediately in good faith, incurring expenses of a beneficial nature to the public, we regard it our duty to hold that a practical construction of the statute must be given to accomplish the purposes intended thereby.

The whole matter under the statute is to be reviewed by the district court in a summary manner provided for therein. The county board is to audit the account, and to make reimbursements to the town; and if they fail to do so their mistake may be corrected. To sensibly give effect to the health laws to secure a protection of the public, a liberal and sensible view must be taken of the law to secure its object, and no technical objection that would prevent its enforcement according to the spirit and purpose of the statutory regulations should be sanctioned. The quarantine was necessary; requirement for immediate action clear. Under the findings of the court the expenses for the benefit of the public were justified with one exception, hereafter referred to; and under such conditions the subsequent act of filing the bills by the supervisors, if their precedent authority had not been obtained, must be regarded as a ratification of the omission in this respect. Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358.

The objection that the statements filed with the county auditor were

not sufficiently definite we do not think well taken. They were reasonably specific to apprise the county board of the details of the services, and the district court, which is the final arbiter of such matters, examined these accounts, and with its judgment in this respect no reasonable ground of complaint is to be found, except in one instance, and that is as to a claim for $10, which was included in the bills allowed. This was for services of a person performing work at the house of one of the parties quarantined, which was clearly a personal claim against the party for whom such services were rendered. The object of the statute is not to provide for the payment of any claim which a responsible party would be required to incur himself, but for the protection of the public, and this item—inadvertently, without doubt—was allowed by the trial court, which was improper. The findings of fact are supported by evidence, and must be sustained, save as to the one item referred to.

The cause is remanded, with direction that the trial court eliminate the charge of $10, and modify its conclusion of law to the effect that judgment for plaintiff be entered for the amount of the bills filed less that sum. It is ordered that no statutory costs be allowed on this appeal.