# A. O. BJELLAND v. CITY OF MANKATO.[1]

July 29, 1910.

Nos. 16,578—(156).

**Contract between city and its health officer void.**

> Action to recover for medical services rendered by the plaintiff, who
> was the health officer of the defendant city at a fixed salary, in controlling
> and eradicating an epidemic of smallpox and typhoid fever in the city,
> pursuant to a contract with the city board of health, of which he was a
> member, that he should render such services and be paid the reasonable
> value thereof. *Held*, following Stone v. Bevans, 88 Minn. 127, and distin-
> guishing Chairman of Board of Health v. Board of Co. Commrs. of Renville
> County, 89 Minn. 402, that the contract was void.

Action in the district court for Blue Earth county to recover $1,695
for necessary services rendered in connection with eradicating and
controlling an epidemic of smallpox and typhoid fever in defendant
city. From an order, Pfau, J., sustaining defendant's demurrer to
the complaint, plaintiff appealed. Affirmed.

*S. B. Wilson,* for appellant.

*John W. Schmitt,* City Attorney, for respondent.

START, C. J.

The plaintiff was the health officer of the city of Mankato, and
commenced this action in the district court of the county of Blue
Earth to recover $1,695 for necessary services rendered in connec-
tion with eradicating and controlling an epidemic of smallpox
and typhoid fever in the defendant city, pursuant to an alleged
contract with the board of health of the city. A general demurrer
to the complaint was interposed by the city, and the trial court
made its order sustaining it, from which the plaintiff appealed.

The complaint alleges, in effect, that the plaintiff was, during all

[1]Reported in 127 N. W. 397.

of the times therein stated, a physician and surgeon, and the health officer of the city of Mankato at a fixed salary of $200 per year; that as such officer he was a member of the board of health of the city; that such board was authorized by law to prevent the spread of malignant, contagious, or infectious diseases, and for this purpose to procure medical and other attendance for persons infected with such diseases; that between January 10 and May 25, 1908, an epidemic of smallpox existed in the city of Mankato; and, further, that in order to control and eradicate such epidemic the plaintiff, at the request of the board of health and for and in its behalf, rendered services as a physician of the actual and reasonable value of $675. The complaint further alleges as a second cause of action that between June 27 and November 1, 1908, pursuant to an agreement made by and between the board of health and the plaintiff, he performed professional services in controlling and eradicating an epidemic of typhoid fever, for which the board promised to pay the reasonable value thereof, which was $1,020. The complaint contains other allegations of evidentiary facts tending to show the extent of the epidemics and the emergent necessity of the board securing medical services in stamping them out.

It is urged by the defendant, in support of the order sustaining its demurrer, that the services rendered by the plaintiff were a part of his official duties as health officer, and, further, that the contract pursuant to which they were rendered was void, for the reason that plaintiff was a member of the board. We find it necessary to consider only the question of the validity of the contract which is the basis of plaintiff's claim against the city. The complaint affirmatively shows that he was a member of the board of health—that is, a public officer—and that he entered into the contract with such board for the performance of the professional services for the value of which he seeks to recover in this action. Such contracts are forbidden by R. L. 1905, § 5032, and are void. Stone v. Bevans, 88 Minn. 127, 92 N. W. 520, 97 Am. St. 506; Young v. City of Mankato, 97 Minn. 4, 105 N. W. 369, 3 L.R.A.(N.S.) 849; Town of Martinsburg v. Butler, supra, page 1, 127 N. W. 420. The rule that such contracts are void and cannot be enforced rests on a wise

public policy, and it must be enforced without reference to the merits of the contract, the intention of the parties, or the hardship of exceptional cases.

It is, however, claimed in effect by the plaintiff that the statute and the rule do not apply to a board of health, and that it may employ one of its members, its health officer, for the purpose of controlling and suppressing an epidemic of contagious or infectious disease. The cases of City of Mankato v. County of Blue Earth, 87 Minn. 425, 92 N. W. 405, and that of Chairman of Board of Health v. Board of Co. Commrs. of Renville County, 89 Minn. 402, 95 N. W. 221, are relied on as supporting the claim.

The case of City of Mankato v. County of Blue Earth was based upon Laws 1902, c. 29, and was commenced to collect from the county the expenses incurred in controlling an epidemic of smallpox in the city, and in the care and medical treatment of certain persons who were stricken with the disease. Such persons were a county charge, but the county physician refused to care for and treat them. Thereupon it was done by the city health officer, who was a physician, and the reasonable value of his services and the value of the services of the health inspector were included in the bill against the county and allowed by the district court. On appeal to this court it was urged that the trial court erred in not deducting from the bill against the county the items for the services of the health officer and inspector, for the reason that they were not entitled to compensation for looking after epidemics, and that the services rendered were a part of their official duties. This court held that the health officer, upon the refusal of the county physician so to do, was justified in incurring the expenses and in personally rendering the medical services, and that the county was liable therefor. It is apparent that the validity of a contract of the character of the one here in question was not determined in that case and that it is not here in point.

The case of Chairman of Board of Health v. Board of Co. Commrs. of Renville County, when read without reference to its facts, seemingly supports the contention of the plaintiff. In the case cited a destitute family, having a legal settlement in the county and residing in the village, were taken ill with smallpox. The vil-

lage board of health quarantined them, and furnished them with the necessary medical services and attendance, which were rendered by the chairman of the board, who was a physician. A reasonable charge for his services was included in the items of expense incurred. The county objected to this item, but it was allowed by the district court, and on appeal to this court the county contended that its allowance was error, for the reason that the case in this respect was within the rule of Stone v. Bevans, supra, to the effect that all contracts entered into by a public officer in which he is interested are void. This court overruled the contention, distinguishing the Bevans case. It is to be noted that in the Renville County case the board of health, in incurring the expenses, were acting for the county, which was solely liable under the statute (Laws 1901, p. 378, c. 238) therefor. Comstock v. Board of Co. Commrs. of Le Sueur County, 92 Minn. 88, 99 N. W. 427, 100 N. W. 652. This and the facts stated distinguish the case from the one at bar, which is one where a city board of health contracts with one of its own members for services to be rendered by him to the city, for which the city would be liable if the contract were valid.

It is suggested that the board of health was confronted by an emergency which justified it in making the contract with the plaintiff. The case of Dewitt v. Mills, 126 Iowa, 169, 101 N. W. 766, is cited in this connection; but in that case the health officer was not a member of the board which employed him. An emergency confronts a board of health in every case of an epidemic of contagious or infectious disease; but this affords no reason why such cases should be excepted from the statute by the court, for the board may employ, when the emergency justifies it, a physician other than one of their own number to render the extra medical services.

We therefore hold that the contract alleged in the complaint in this case between the plaintiff and the health board, of which he was a member, was void, and that the demurrer was properly sustained.

Order affirmed.

JAGGARD, J.,
I dissent.