## COMMONWEALTH EX REL. v. W. P. JAMES.

APPEAL BY RESPONDENT FROM THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY.

Argued April 17, 1890—Decided June 2, 1890.

His duty being merely ministerial, the clerk of the Court of Quarter Sessions has no right to decline to file and record the resolutions of the boards of school directors, in a city of the third class, accepting the provisions

Statement of Facts.

of the act of May 23, 1889, P. L. 274, "constituting each city of the third class a separate school district," and the constitutionality of said act cannot be raised upon proceedings by mandamus to compel the performance of said duty.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 385 January Term 1890, Sup. Ct.; court below, No. 68 March Term 1890, C. P.

On February 15, 1890, the board of directors of the Third school district of the city of Wilkes-Barre, a city of the third class, presented a relation averring that the boards of directors of the several school districts of said city, by resolutions duly passed in January, 1890, accepted the provisions of the act of May 23, 1889, P. L. 274, entitled "An Act constituting each city of the third class a single school district," etc.; that said resolutions were duly recorded on the minutes of the said several boards, and that a certified copy thereof was tendered in due time, with the proper fees and charges, to William P. James, clerk of the Court of Quarter Sessions of Luzerne county, to be filed and recorded in the office of the said court, in compliance with the provisions of § 9 of said act, and that the said William P. James had refused and still refused to file and record said resolutions; praying that a writ of mandamus might issue commanding the respondent to file and record the said resolutions according to law. The respondent filed an answer, on the same day, averring, in substance, that he was not in duty bound to file or record the said resolutions because the said act of May 23, 1889, was unconstitutional, and, if constitutional, was inoperative to affect the school districts of the city of Wilkes-Barre, until June, 1890.

On March 17, 1890, the court, RICE, P. J., filed an opinion, wherein,—citing Ayars' App., 122 Pa. 266; Ruan St., 132 Pa. 257; act of May 8, 1854, P. L. 617; Reading City v. Savage, 124 Pa. 328; Frost v. Cherry, 122 Pa. 417; Bishop's Writ. Law, § 34; Cooley Const. Lim., *477,—it was held:

"The questions raised in this case might not have been raised until years after the act had gone into operation. Suppose that in that case the court should declare the sections relating to school controllers and taxation unconstitutional, would it neces-

Opinion of the Court.

sarily follow that the consolidation of the several districts must also fall? We think not. The provisions of the act relating to controllers and taxation are not only in distinct sections, but are also not essential to the main provisions of the act, namely, consolidation. They may be struck out, and ample provision for the regulation of the affairs of the consolidated district will be furnished by the general law. As the act is not wholly unconstitutional, it follows that it was the duty of the defendant to file and record the formal acceptances of its provisions."

Judgment having been entered for the commonwealth, and a peremptory writ of mandamus awarded as prayed for, the respondent took this appeal, specifying that the court erred in holding §§ 1 and 9 of the said act to be constitutional.

*Mr. Henry W. Palmer* (with him *Mr. Edward H. Chase*), for the appellant.

Counsel cited: (1) Ruan St., 132 Pa. 257; Ayars' App., 122 Pa. 266. (2) Beckert v. Allegheny, 85 Pa. 191; Ruth's App., 10 W. N. 498. (3) Parker v. Commonwealth, 6 Pa. 507; Locke's App., 72 Pa. 491. (4) Scranton School D.'s App., 113 Pa. 176; Frost v. Cherry, 122 Pa. 417. (5) Cooley Const. Lim., 5th ed., 217, *178; Commonwealth v. Potts, 79 Pa. 164; Commonwealth v. Patton, 88 Pa. 258.

*Mr. Alexander Farnham* (with him *Mr. James A. Lenahan* and *Mr. H. A. Fuller*), for the appellee.

Other than cases cited by the appellant, counsel cited: Wheeler v. Philadelphia, 77 Pa. 351; Scowden's App., 96 Pa. 425; Kilgore v. Magee, 85 Pa. 401; McCarthy v. Commonwealth, 110 Pa. 243; Morrison v. Bachert, 112 Pa. 322; Scranton City v. Silkman, 113 Pa. 191.

PER CURIAM:

It is too plain for argument that the appellant, who is the clerk of the Court of Quarter Sessions of Luzerne county, had no right to decline to receive and record the resolutions of the school boards of Wilkes-Barre accepting the provisions of the act of May 23, 1889, P. L. 274. The act referred to requires him to receive and record these papers; his duties were purely ministerial, and the court below properly awarded the per-

emptory mandamus. It is but just to say that his act in refusing does not appear to have been one of insubordination, but was intended to test the constitutionality of the said act of 1889. We are of opinion that the constitutional question cannot be raised in this way. We really have no case before us, beyond the mere refusal of the clerk to file the papers. This does not require discussion.

> The order of the court below awarding the peremptory mandamus is affirmed.