## M. T. Shepherd

### *v.*

## The City of Sullivan.

*Filed at Springfield April 3, 1897.*

1. CONSTITUTIONAL LAW—*act authorizing city to bring action of debt against lot owner for construction of sidewalk is unconstitutional.* That part of section 3 of "An act to provide additional means for the construction of sidewalks in cities, towns and villages," (Laws of 1875, p. 63,) which authorizes a municipal corporation to bring an action of debt against a lot owner to recover the cost of building a sidewalk, is unconstitutional. (*Craw* v. *Village of Tolono,* 96 Ill. 255, followed.)

2. PLEADING—*constitutionality of statute may be raised by demurrer.* Filing a general demurrer to a declaration based on an ordinance passed under the authority of a certain statute is a proper method of raising the question of the constitutionality of such statute.

APPEAL from the Circuit Court of Moultrie county; the Hon. EDWARD P. VAIL, Judge, presiding.

JOHN R. & WALTER EDEN, for appellant.

RAY D. MEEKER, City Attorney, JOHN V. BURNS, and FRANK SPITLER, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee commenced this action in debt against appellant to recover $257.40, the amount of a special tax upon his lots for the construction of a cement sidewalk. The amended declaration set out an ordinance of appellee providing that the sidewalk should be built; that eighty per cent of the cost should be paid by special taxation of the lots touching upon its line; that the owners of lots should be allowed thirty days to construct the sidewalk in front of their lots, and that in case of default the sidewalk should be constructed by the city and the cost collected from such owners. Appellant filed a general demurrer to the amended declaration, which the court overruled, and, appellant abiding by his demurrer, judgment was rendered against him for said sum and costs.

The only authority for the provision of the ordinance that the cost of the sidewalk should be collected from the owners was the third section of the act in force July 1, 1875, entitled "An act to provide additional means for the construction of sidewalks in cities, towns and villages." So much of that section as authorizes an action of debt against the owners of lots has been held unconstitutional. (Craw v. Village of Tolono, 96 Ill. 255.) The invalidity of the provision is conceded by appellee, but it is submitted that appellant waived his right to raise the constitutional question, because that objection was not pointed out in the trial court. The general demurrer went to the substance of the declaration and its sufficiency in law. A special demurrer, which goes to the form

of the pleading, was not required, and it is not denied that the general demurrer was a proper mode of raising the question. Such a demurrer does not allege any particular cause, but applies in general terms to the declaration.

The provision of the ordinance in question was invalid, and the declaration based upon it stated no cause of action. The demurrer should have been sustained, and it was error to render the judgment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*