CLARA B. WOODRUFF *et al.*

*v.*

THE KELLYVILLE COAL COMPANY.

*Opinion filed October 16, 1899—Rehearing denied December 13, 1899.*

1. CONSTITUTIONAL LAW—*Mine Managers act of 1891 is, in part, unconstitutional.* The act of 1891, (Laws of 1891, p. 168,) entitled "An act to provide for the examination of mine managers and to regulate their employment," is unconstitutional in so far as it confers upon third persons the right to recover the penalty for its violation, (sec. 5, p. 169,) as such provision is not embraced within the title of act, as required by section 13 of article 4 of the constitution.

2. PLEADING—*constitutionality of act and sufficiency of declaration thereon may be tested by general demurrer.* The sufficiency of a declaration drawn under the provisions of a statute, as well as the constitutionality of the act, can be raised by a general demurrer.

MAGRUDER, J., dissenting.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

WILLIAM R. BLACKBURN, for plaintiffs in error.

W. J. CALHOUN, and H. M. STEELY, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiffs in error, as the heirs of Ira B. Woodruff, (who was killed by a fall of clod, while employed in defendant's mine, on the 18th day of January, 1893,) brought their action of debt, substantially averring that the defendant is a corporation, and was on January 18, 1893, the owner, possessed of and using and operating a certain coal mine known as "Kelly's Mine No. 1;" that said mine was on that day regularly equipped for mining coal and shipping it by rail, its capacity and daily output being more than twenty-five tons; that the said company on said date willfully and wrongfully employed as its servant a certain person to superintend and manage the Kelly Mine No. 1, who was then and there known and designated as mine boss, foreman or pit boss, and who was charged with the general direction of the underground work of said mine as defendant's servant, and did not then and there hold a certificate of competency or a certificate of service as a legally qualified mine boss, foreman or pit boss, as required by the statute of the State of Illinois in reference to mines and miners; that while the said defendant was then and there willfully and wrongfully employing said unqualified person to superintend and direct the underground working of said mine, the said Ira B. Woodruff, who was then and there employed as a coal miner and engaged in working in said mine at a place under the superintendence of the said pit boss, foreman or mine boss, by a fall of clod from the roof was injured, in consequence of which he died; that he left

surviving him his mother, brother and sisters as next of kin, who, by reason of his death, were deprived of their means of support.

To the declaration a plea of the general issue was filed, which, by leave of the court, was subsequently withdrawn and a general and special demurrer filed. The demurrer was, that the said amended declaration was not sufficient in law, and for a special cause of demurrer alleged that the declaration is in debt when it should be in case. The demurrer was sustained by the circuit court. The plaintiffs stood by their declaration, and judgment was entered for the defendant. The plaintiffs sued out a writ of error to this court. The theory on which the case is brought to this court is, that the constitutionality of the act with reference to mines and mine owners was involved in the case.

The act under which this suit is brought is entitled "An act to provide for the examination of mine managers and to regulate their employment," approved June 18, 1891, in force July 1, 1891, and the sections of the act necessary to refer to, with reference to the discussion of the questions presented on this record, are the first, second and fifth, which are as follows:

"Sec. 1. That in order to secure greater efficiency in the management of coal mines and a higher standard of qualifications in those who have immediate responsibility for the health and safety of persons employed in coal mines, it shall be unlawful, except as hereinafter provided, after the first day of January, 1892, for any person to assume or attempt to discharge the duties of mine manager at any coal mine equipped for shipping coal by rail or water, or any mine whose output may be twenty-five or more tons per day, unless he shall hold such a certificate as to his qualification for that position as may be required by this act, from the State board of mine examiners: *Provided*, that the term 'mine manager' is here intended to mean any person who is charged with the

general direction of the underground work, or of both the underground and top work, of any coal mine, and who is commonly known and designated as mine boss, or foreman, or pit boss.

"Sec. 2. The certificates provided in the first section of this act may be either certificates of competency or certificates of service, and any person may acquire such certificate by appearing before the State board of examiners, appointed by the commissioners of labor for the examination and inspection of mines, and submitting to such an examination as to his competency or length of service as may be prescribed by this act and the said examiners.

"Sec. 5. After January 1, 1892, no owner, operator or agent of any mine to which this act applies shall employ any mine manager who does not hold either the certificate of competency or service herein provided for, and if any accident shall occur in any mine in which a mine manager shall be employed who has no certificate of competency or service, as required by this act, by which any miner shall be killed or injured, he or his heirs shall have right of action against such operator, owner or agent, and shall recover the full value of the damages sustained: *Provided*, that in case no suitable or satisfactory certified mine manager can be obtained by any operator at the date herein specified, such operator may place any competent man in temporary charge of his mine to act as mine manager until such time as a suitable certified manager may be found: *Provided*, that the time be not more than three months from the date aforesaid."

Section 13 of article 4 of the constitution of this State contains, *inter alia*, the following provision: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Whilst this act declares in its title that it is to pro-
vide for the examination of mine managers and to regu-
late their employment, the sections prior to section 5 of
the act declare it to be unlawful to assume or attempt to
discharge the duties of mine manager, where the output
of the mine may be twenty-five or more tons per day, un-
less the person assuming to discharge such duties shall
hold a certificate as to his qualifications for that position
as may be required by the act, from the board of mine
examiners, and defines the term "mine manager." It is
then provided that the certificate provided for may be
either a certificate of competency or of service, and any
person may appear and submit to an examination as to
his competency or length of service before the board of
examiners. By section 5 above quoted, no owner, oper-
ator or agent of any mine to which this act applies shall
employ any mine manager who does not hold either a
certificate of competency or of service herein provided
for, and the last sentence of that section provides that
any violation of the provisions of the act shall be deemed
a misdemeanor on the part of such owner, operator or
agent, and punished accordingly. The further provision
contained in section 5, that "if any accident shall occur
in any mine in which a mine manager shall be employed
who has no certificate,  *  *  *  by which any miner
shall be killed or injured, he or his heirs shall have right
of action against such operator, owner or agent, and shall
recover the full value of the damages sustained," seeks
to provide a recovery purely as a penalty, and in no way
dependent upon any question of negligence on the part
of the mine manager or pit boss resulting from his in-
competency; nor is it made to rest upon any act of negli-
gence upon the part of the owner, operator or agent of
the mine, other than by his employing a mine manager
who does not hold such certificate as required. It is
therefore an attempt on the part of the legislature to
provide for a third person recovering a penalty equal to

any damage sustained by reason of any miner being killed or injured by any accident in a mine in which the mine manager or pit boss has no certificate of competency or of service. To the extent, therefore, that the act directs and requires that the mine manager shall hold a certificate of competency or of service, to be issued by a board of examiners as directed in the act, and holds him guilty of a misdemeanor for so failing and punishes him accordingly, it may be said the act provides for the examination of mine managers, and seeks to regulate their employment by declaring a violation of the statute a misdemeanor and by punishing the owner, operator or agent for employing one not holding such certificate,—and this is the only subject mentioned in the title of the act.

An attempt to give a right of action to third persons by reason of any injury or death resulting from any accident in the mine where the mine manager does not hold such certificate of competency or service, with a recovery to the extent of damages sustained thereby, is not a provision which is included in the title of the act, and has no reference to the examination of mine managers and the regulating of their employment. Any other construction of this act would provide for a double punishment,— one by reason of the last sentence of section 5, and the other by reason of the right of third persons to recover a penalty, not dependent on an injury sustained by reason of the want of a certificate of competency or service on the part of the mine manager, or by reason of any neglect of his. It may well be doubted whether such double punishment may be inflicted for the violation of the act, but we do not deem it necessary to at this time discuss that question. It is clear that nothing in the title of the act has reference to the right of third persons to recover for an injury received in a mine or damages for the death of a person in a mine, either case resulting from an accident in such mine where the mine manager holds no certificate as required by the act and where the accident in no man-

ner results by reason of the incompetency of the mine manager.

The sufficiency of the declaration under the act, as well as its unconstitutionality, could be raised by the general demurrer, and for the reason that the title of the act in no manner embraces the right of a third person to recover a penalty for its violation, we hold the act unconstitutional, so far as such right of recovery by such third person is sought to be given.

The judgment of the circuit court of Vermilion county is affirmed.                         *Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.