## MOORE v. NAPIER.

1. PHYSICIANS—CODE 1902, SEC. 1112—S. C. MEDICAL COLLEGE.—A student of the South Carolina Medical College who has a diploma on a three years'. course of study is not entitled, under the amendatory Act of 1901, Code of 1902, Sec. 1112, requiring State board of medical examiners to give certificate to practice to graduate of four years' course, to receive of the board such certificate.

2. MANDAMUS—DISCRETION.—This Court in its discretion will refuse writ of mandamus when the effect of granting it would be to violate the intention of an act of the Legislature.

3. STATUTES—CONSTITUTION.—A party invoking the provisions of an act cannot ask that it be declared unconstitutional.

4. REHEARING refused.

Petition for mandamus in the original jurisdiction of this Court by James C. Moore against J. L. Napier *et al.*

*Messrs. T. W. Bouchier* and *C. E. Sawyer,* for petitioner. *Mr. Knox Livingston,* contra.

December 1, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an application to the Supreme Court in the exercise of its original jurisdiction, for a writ of mandamus. The question presented by the pleadings is whether the petitioner, who received a diploma from the South Carolina Medical College, but who studied the course for only three years, is entitled to a writ of mandamus requiring the State board of medical examiners to issue to him a license to practice medicine without standing an examination before said board as to his qualifications and knowledge of medicine. It appears that when the petitioner matriculated as a student of the South Carolina Medical College the course of study established for graduation was only three years; that before receiving his diploma the South Carolina Medical College established a four years course of study commencing with the collegiate year of 1901; and that the petitioner only took a three

years course. Subdiv. 3, sec. 1112, of the Code of 1902, contains the following provision: "It shall be the duty of said board" (the State board of medical examiners) "when organized, to examine all applicants for examination, who hold diplomas from any medical college or schools, and who present certificates of their good moral character and of their sobriety from some reputable person or persons known to the board, and to pass upon their qualifications and fitness to practice medicine in this State, and to give to each successful applicant a certificate to that effect upon the payment of five dollars to the treasurer of said board." On the 15th February, 1901, 23 Stat., 733, subdiv. 7 of said section was amended so as to read as follows: "Nothing in this section shall apply to regular graduates, holding diplomas issued by any college of established reputation in this State which has a four years course of instruction and a standard of not less than seventy-five per cent. on examination, and make satisfactory evidence of their standing to the board of medical examiners, nor to commissioned medical officers of the United States army or navy, or United States marine hospital service, nor shall it include physicians or surgeons residing in other States, and called in consultation in special cases with physicians or surgeons residing in this State." The South Carolina Medical College, no doubt, changed its course of study from three years to four years, so as to enable graduates holding diplomas from that college to receive the benefit of the act of 1901 hereinbefore mentioned. When the South Carolina Medical College changed its course of study in the manner hereinbefore mentioned, it did not contemplate that it should have any application to the petitioner (who only studied the course three years), as it is to be presumed that the college would not have conferred upon him a diploma unless he had pursued the course of study for four years which was required by the resolution making said change, if it thought the resolution applicable to the petitioner. The manifest intention of the amendatory act of 1901 was to exempt from the necessity of standing the examination be-

fore said board as to qualifications and fitness, those graduates holding diplomas issued by a college of established reputation in this State, which has a four years course of instruction, and a standard of not less than seventy-five per cent. on examination, when satisfactory evidence of the standing of the college is made to the board of medical examiners, *and when the graduate has studied the course for four years.*

The allowance of the writ of mandamus is discretionary with the Court. *Abbeville* v. *McMillan,* 52 S. C., 73; 19 A. & E. Enc. (2d ed.), 751. This Court in the exercise of its discretion will refuse the writ when the effect of granting it would be to violate the intention of an act of the legislature.

The respondents have set forth in their return that the act of 1901 is unconstitutional. The authorities in this State, however, show that they have not the right to raise such question. *Port Royal Mining Co.* v. *Hagood,* 30 S. C., 524; *Ex parte Florence School,* 43 S. C., 16, 20 S. E. R., 794.

It is the judgment of this Court, that the petition be dismissed.

MR. JUSTICE JONES *concurs in result.*

Petition asking for a rehearing was refused in formal order filed December 12, 1902 (Reporter).