Award reversed and matter remitted to the Commission for further consideration.

In the Matter of the Application of the ATTORNEY-GENERAL, Respondent, for a Writ of Mandamus, Addressed to JACOB TAUBENHEIMER, as Supervisor of the Town of Bellmont, Appellant.

Third Department, May 2, 1917.

Conservation Law — levy and collection of moneys expended by Conservation Commission in fighting fires — mandamus to compel supervisor to pay over such moneys to Conservation Commission — constitutional law — parties entitled to raise constitutional question.

Where a board of supervisors proceeding under the Conservation Law has levied the sum claimed by the Conservation Commission to be due from the town for the expenditures made by the Commission in fighting fires in said town, and such money has been duly collected and paid over to the supervisor, he may be compelled by a writ of peremptory mandamus, issued on the application of the Attorney-General, to pay over such moneys to the Conservation Commission.

A constitutional question may be raised only by a person whose rights are involved.

The supervisor being a mere custodian of moneys raised in regular form for a particular purpose, has no authority to question the propriety or the legality of the expenditures underlying the levy and collection of the taxes.

Questions as to the liability of the town for expenditures made by the Conservation Commission in fighting fires should have been raised in connection with the assessment and levy of the tax.

APPEAL by Jacob Taubenheimer, as supervisor, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Franklin on .the 5th day of January, 1917, directing the issuance of a peremptory writ of mandamus against him and also from the writ issued pursuant to said order.

*Kellas & Kellas* [*John P. Kellas* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*James Gibson, Jr., Deputy Attorney-General,* of counsel], for the respondent.

WOODWARD, J.:

Acting under the provisions of the Conservation Law, the Attorney-General has applied for and caused to be issued a peremptory writ of mandamus, commanding Jacob Taubenheimer, as supervisor of the town of Bellmont, to pay over to the Conservation Commission of the State of New York the sum of $1,642.40. (See Consol. Laws, chap. 65 [Laws of 1911, chap. 647], § 9, as amd. by Laws of 1912, chap. 444, and Laws of 1915, chap. 318; Id. § 50, subd. 11, ¶ (b), as added by Laws of 1916, chap. 451.) Jacob Taubenheimer, as such supervisor, appeals from the order.

There appears to be no question that the proceeding is in all respects in harmony with the requirements of the Conservation Law, and there is no reason why the writ should not be sustained, unless there is some constitutional defect in the statute. The appellant suggests various provisions of the statute and Constitution which he claims have been violated, but we are of the opinion that he has no standing to raise these questions. Proceeding under the statute the board of supervisors levied the sum claimed by the Conservation Commission to be due from the town of Bellmont upon the property of that town. This sum was duly collected in the regular course and was paid over to the supervisor, whose duty it was, under the law, to pay over the same to the Conservation Commission. (See Conservation Law, § 94, added by Laws of 1912, chap. 444, as amd. by Laws of 1913, chap. 723; now Conservation Law, § 53, as added by Laws of 1916, chap. 451. See, also, Town Law [Consol. Laws, chap. 62; Laws of 1909,

chap. 63], § 98, subd. 1, as amd. by Laws of 1914, chap. 153.) The sum has been demanded and the supervisor retains the same, and he is now commanded to pay the same over to the Conservation Commission. And why not? He has no claim upon the money individually. While there may have been some ground on which a taxpayer might have resisted the payment of the tax, the tax having been paid without protest on the part of any taxpayer, so far as appears, we know of no law which permits the supervisor, in custody of the fund, to raise the question. It is fundamental that a constitutional question may be raised only by a person whose rights are involved, and there is nothing before us to show that any possible right of Jacob Taubenheimer, as supervisor, is involved in this proceeding. He is the mere custodian of moneys raised in regular form for a particular purpose, and he has no authority whatever to question the propriety or the legality of the expenditures underlying this levy and collection of taxes, as he is seeking to do. The office of supervisor is an important one, but it is governed by statute, and, until the law makes some provision for a supervisor to become the general guardian of the taxpayers of his township, we see no justification for this appeal. If any question was to be raised as to the liability of the town for the expenditures made by the Conservation Commission, in fighting fires in that township, they should have been raised in connection with the assessment and levy of the tax, and not by the supervisor after the moneys have been paid to him under the provisions of the statute.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.