## STATE v. JOSEPH HOFFMAN.[1]

May 23, 1924.

No. 23,956.

**Town by-law regulating public dances.**

1. A town by-law regulating public dances and dance halls is not invalid because it imposes a license fee of $30 for each dance.

**Residents cannot complain that legislation discriminates against nonresidents.**

2. A freeholder and resident of the town cannot complain of the by-law because it discriminates against nonresidents and those who do not own or lease land in the town. Whatever constitutional objection there may be to given legislation, litigants not hurt by the provisions under attack have no standing in court to urge such objections.

Defendant was found guilty in justice court of violating an ordinance of the town of Ridgeley. From the judgment he appealed to the district court for Nicollet county where the appeal was heard by Olsen, J., who affirmed the judgment of the justice. The motion of defendant to set aside the conviction or for a new trial was denied. From the judgment of the district court, defendant appealed. Affirmed.

*Mueller & Erickson,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, *George T. Olsen,* County Attorney, and *Frank Hopkins,* for respondent.

STONE, J.

Defendant appeals from an order denying him a new trial after conviction and sentence for the crime of violating an ordinance of the town board for the regulation of public dances and dance halls in the town of Ridgeley, Nicollet county. A license fee was imposed upon those conducting such dances. Defendant's offense was

[1] Reported in 199 N. W. 175.

that he held one or more public dances in a pavilion on his farm without procuring the required license.

The power of the town board to enact a by-law of this kind is not denied. It is granted by chapter 478, Laws 1921. As to the constitutionality generally of such municipal legislation see Town of Linden v. Fischer, 154 Minn. 354, 191 N. W. 901.

One special ground of attack upon this ordinance is that the license fee is unreasonable. The fee is $30 for each dance. It is high, but it is not for us to say that, under all the circumstances with which the town board was intimately familiar, it is unreasonable. Neither can we condemn the ordinance on constitutional grounds because of its alleged unreasonable requirements as to lighting, police supervision and character of building to be used. It has long been apparent that public dances and dance halls and their immediate vicinities are in need of much closer regulation and more attentive police supervision than they have had heretofore. It is a problem best handled by local authorities and courts will be slow to interfere with the large discretion so wisely delegated to them.

In this aspect the validity of the by-law depends upon the facts of the situation and the rule we apply has been recently expressed by Mr. Justice Sutherland in this apt language:

"Where the constitutional validity of a statute depends upon the existence of facts, courts must be cautious about reaching a conclusion respecting them contrary to that reached by the legislature; and if the question of what the facts establish be a fairly debatable one, it is not permissible for the judge to set up his opinion in respect of it against the opinion of the lawmaker. Radice v. People of the State of New York, 264 U. S. 292, 294, 44 Sup. Ct. 325, 68 L. ed. 690.

It is urged that, while town boards have the power to regulate dances and dance halls, they are not authorized to impose penalties for the violation of their regulatory measures. That argument has no force. The experience of the centuries is that no law regulating human conduct is self-executing. Government must be equipped with agencies for the enforcement of its laws. It must provide penalties for their violation else its lawmaking will be of little

effect. "The right to make laws, necessarily implies the power of enforcing the law by some sanction, otherwise the power would be nugatory." Mayor of Mobile v. Yuille, 3 Ala. 137, 36 Am. Dec. 441; Korah v. City of Ottawa, 32 Ill. 121, 83 Am. Dec. 255.

Another objection to the ordinance is that the license it authorizes can be given only to an owner or tenant of real estate in the township who has been a resident thereof for one year. We are not concerned with that argument because defendant is a long-time resident and freeholder of the town. He is in no position, therefore, to object to the ordinance because of its discrimination against non-residents. Whatever the constitutional objections to given legislation may be, litigants not hurt by the provision under attack have no standing in court to urge such objections. Courts will not "listen to an objection made to the constitutionality of an act by a party whose rights it does not affect." Cooley, Const. Limitations (7th ed.) 232. Albany County Suprs. v. Stanley, 105 U. S. 305, 26 L. ed. 1044; Clark v. Kansas City, 176 U. S. 114, 20 Sup. Ct. 284, 44 L. ed. 392; 6 R. C. L. 90-91; 12 C. J. 760.

Order affirmed.