STATE EX REL. CLINTON FALLS NURSERY COMPANY AND ANOTHER v. COUNTY OF STEELE AND OTHERS.[1]

October 31, 1930.

No. 28,083.

[1]Reported in 232 N. W. 737.

*Victor E. Anderson,* for appellants.
*Harold S. Nelson,* for respondents.

WILSON, C. J.

The appeal is from an order sustaining a demurrer to an alternative writ of mandamus to compel the board of county commissioners of Steele county to act upon a petition to have relators' lands attached to certain school districts and the existing bonded indebtedness affecting such lands prorated all in accordance with L. 1929, p. 177, c. 183. The order was made upon the theory that said law was unconstitutional.

Appellants claim that the constitutionality of a law cannot be raised by a demurrer and say that in order to put in issue the constitutionality of a law it must be specifically and directly attacked as an affirmative issue. Counsel presents some authority to sustain the contention. But we are of the opinion that upon both principle and authority we should hold as we do that the question may be raised by demurrer. It seems that the procedure should be commendable. In cases like this, where the constitutionality of a particular law is the sole question, it may under a demurrer be determined in the most simple, expeditious, and economical method. Hence we approve the procedure. We have permitted the invalidity of contracts void for public policy, appearing on the face of the complaint, to be raised under a demurrer. Seitz v. Michel, 148 Minn. 474, 181 N. W. 106; Bjelland v. City of Mankato, 112 Minn. 24, 127 N. W. 397, 140 A. S. R. 460. Also when the contract was void under the statute of frauds. Wentworth v. Wentworth, 2 Minn. 238 (277), 72 Am. D. 97. As above indicated, our conclusion is supported by authority. Christy v. Elliott, 216 Ill. 31, 74 N. E. 1035, 1 L.R.A.(N.S.) 215, 108 A. S. R. 196, 3 Ann. Cas. 487; Shepherd v. City of Sullivan, 166 Ill. 78, 46 N. E. 720; Woodruff v. Kellyville Coal Co. 182 Ill. 480, 55 N. E. 550; Duffy v. Shirden, 139 App. Div. 755, 124 N. Y. S. 529; Woodall v. Darst.

71 W. Va. 350, 77 S. E. 264, 80 S. E. 367, 44 L.R.A.(N.S.) 83, Ann. Cas. 1914B, 1278; 18 R. C. L. 108.

■ It is the well established law that a litigant may be heard to question the constitutionality of a statute only when and so far as it is being or is about to be applied to his disadvantage. He must show injury. 6 R. C. L. p. 89, § 87, p. 92, § 92; 12 C. J. 780; State v. Hoffman, 159 Minn. 401, 199 N. W. 175; Central Union Tr. Co. v. Blank, 168 Minn. 312, 210 N. W. 34; Town of Kinghurst v. Int'l Lbr. Co. 174 Minn. 305, 219 N. W. 172; State v. Phillips, 176 Minn. 472, 223 N. W. 912; Lyman v. Chase, 178 Minn. 244, 226 N. W. 633, 842; Commrs. of Franklin County v. State ex rel. Patton, 24 Fla. 55, 3 So. 471, 12 A. S. R. 183; Massachusetts v. Mellon, 262 U. S. 447, 43 S. Ct. 597, 67 L. ed. 1078; Cooley, Const. Lim. (7 ed.) 232.

■ The question then here arises as to whether the respondents, public officials, who have no personal pecuniary interest one way or the other, may be permitted to question the constitutionality of a law to avoid the performance of a ministerial duty which it clearly imposes upon them. The performance of such duty does not affect the personal or property rights of these officials. They have no interest in defeating the purpose of the law. They can suffer no injury by carrying out the mandate of the statute. No violation of duty can be imputed to them by reason of their complying with the statute.

The board's determination of the pro rata share of bonded indebtedness does not reach the question of the legality of the bonds. The lands are proportionately interested whether the bonds are legal or illegal. No harm can result to anyone by the board's performance of the statutory duty. Nor does their act affect the status of such bonds. If the bonds are valid, as they are presumed to be, all is well. If they are perchance illegal, all is well anyway. The determination thereof by the board would not bind the bondholders nor the taxpayers. That question is not embraced within the statutory duty, which seems to be purely ministerial.

An unconstitutional statute binds no one. There is however an-

other equally well established and recognized rule, that a statute is presumed by the court to be valid until its unconstitutionality is made plainly to appear.

Upon the theory that the law is a nullity, some courts hold that the official may raise the question of the constitutionality of the law. Van Horn v. State, 46 Neb. 62, 64 N. W. 365; People ex rel. McCagg v. City of Chicago, 51 Ill. 17, 2 A. S. R. 278; State ex rel. McCurdy v. Tappan, 29 Wis. 664, 9 Am. R. 622; People ex rel. Dunkirk, W. & P. R. Co. v. Batchellor, 53 N. Y. 128, 13 Am. R. 480; State ex rel. Kennedy v. Brunst, 26 Wis. 412, 7 Am. R. 84; Maynard v. Board of Canvassers, 84 Mich. 228, 47 N. W. 756, 11 L. R. A. 332; State v. Sessions, 84 Kan. 856, 115 P. 641, Ann. Cas. 1912A, 796. In the Van Horn case, 46 Neb. 62, 64 N. W. 365, it is suggested that the official charged with such ministerial duty may raise the question because his oath of office compels him to support the constitution. The answer to that course of reasoning is that his oath does not require him to obey the constitution as he decides but as judicially determined.

The authorities are in conflict. The better doctrine supported by the weight of authority is that an official so charged with the performance of a ministerial duty will not be allowed to question the constitutionality of such a law. This rule is based largely upon governmental policy. It rests upon the theory that the court should accept as final the acts of the legislature and discourage attacks upon them except where necessary to protect the private interests of the individual asserting invalidity and peculiarly and particularly affected thereby. Officials acting ministerially are not clothed with judicial authority. To permit them to refuse to perform their duty on the ground that the commanding law is unconstitutional would be a dangerous practice in that they who have only ministerial duties would be raising questions affecting the rights of third persons while they themselves would have no direct interest in the question and could not in any event be made responsible. Under our present system lawsuits may be prosecuted or defended by the real party in interest. Such party alone has a

right to make a record which will render the question litigated res adjudicata. The respondents here have no greater or different interest in the constitutionality of this law than any other citizen. To permit officials charged with such a duty to raise such a question may not only be a hazardous proceeding to themselves but productive of great inconvenience to the public. Their authority is the command of the statute, and it is the limit of their power. We cite some of the authorities which sustain the majority rule, which we adopt. 12 C. J. 765; 6 R. C. L. 92; Thoreson v. State Board of Examiners, 19 Utah, 18, 57 P. 175; State ex rel. Morton v. Stevenson, 18 Neb. 416, 25 N. W. 585; Commrs. of Franklin County v. State ex rel. Patton, 24 Fla. 55, 3 So. 471, 12 A. S. R. 183; Commonwealth v. James, 135 Pa. 480, 19 A. 950; State ex rel. Nicholls v. Shakespeare, 41 La. Ann. 156, 6 So. 592; Capito v. Topping, 65 W. Va. 587, 64 S. E. 845, 22 L.R.A.(N.S.) 1089; Threadgill v. Cross, 26 Okl. 403, 109 P. 558, 138 A. S. R. 964; State ex rel. A. C. L. R. Co. v. Board of Equalizers, 84 Fla. 592, 94 So. 681, 30 A. L. R. 362, 378, Anno; State ex rel. Lockwood v. Tyler, 64 Mont. 124, 208 P. 1081; State ex rel. Miller v. Leech, 33 N. D. 513, 157 N. W. 492; State ex rel. Cruce v. Cease, 28 Okl. 271, 114 P. 251, Ann. Cas. 1912D, 151; Moore v. Napier, 64 S. C. 564, 42 S. E. 997; State ex rel. New Orleans C. & B. Co. v. Heard, 47 La. Ann. 1679, 18 So. 746, 47 L. R. A. 512; Mohall Farmers Elev. Co. v. Hall, 44 N. D. 430, 176 N. W. 131; State ex rel. Wiles v. Williams, 232 Mo. 56, 133 S. W. 1; Attorney General v. Taubenheimer, 178 App. Div. 321, 164 N. Y. S. 904; Wright v. Kelley, 4 Idaho, 624, 43 P. 565; People ex rel. Colo. Tax Comm. v. Pitcher, 56 Colo. 343, 138 P. 509.

There is found among the authorities a well recognized exception to the foregoing rule when the rights of the state or the public interest are involved. We do not attempt to collate the authorities, but the following are illustrative. People ex rel. Colo. Tax Comm. v. Pitcher, 56 Colo. 343, 138 P. 509; Mohall Farmers Elev. Co. v. Hall, 44 N. D. 430, 176 N. W. 131; State ex rel. Lockwood v. Tyler, 64 Mont. 124, 208 P. 1081. This exception however is not here important because the duty imposed by the law in question upon the respondents does not involve a public interest.

A court will not as a general rule pass upon the constitutionality of a law unless a decision upon that very point becomes necessary. Since respondents cannot be permitted to raise the question, the record does not permit us to take up for consideration the question of the statute's constitutionality.

Reversed.