AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL NO. 65, Relator,

v.

STATE of Minnesota, PUBLIC EMPLOYMENT RELATIONS BOARD, Cass County, Minnesota, Respondents.

No. C7–85–337.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Review Denied Oct. 24, 1985.

Gregg M. Corwin, St. Louis Park, for American Federation of State, County, and Municipal Employees, Council No. 65.

Hubert H. Humphrey, III, Atty. Gen., Andrea Mitau Kircher, Sp. Asst. Atty. Gen., St. Paul, for State of Minnesota, Public Employment Relations Board.

Michael T. Milligan, Cass Co. Atty., Walker, for Cass County.

Brad P. Engdahl, Sp. Asst. Atty. Gen., St. Paul, for Minn. Bureau of Mediation Services.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

PARKER, Judge.

Appellant American Federation of State, County and Municipal Employees, Council No. 65, seeks review of the Minnesota Public Employment Relations Board's (PERB) decision to reverse a unit clarification made by the Minnesota Bureau of Mediation Services (BMS). Council 65 contends that provisions of a collective bargaining agreement cannot be in conflict with a statute even if the statute was enacted after the agreement was entered, and thus the unit clarification made by the BMS was correct because it brought the unit into conformance with a newly enacted statute. We reverse.

## FACTS

In 1982 the Cass County zoning administrator hired Genilla Jensen to type, file, and run a switchboard on a part-time, temporary basis. Jensen was specifically told her employment would be for 100 days or less for a given calendar year. The 100-day limit was set because the Board of Commissioners did not want the position included in the bargaining unit in effect under the existing labor contract.

Jensen worked 93 days in 1983. The county terminated her employment on October 16, 1983.

The collective bargaining agreement in effect in 1983 was signed on April 5, 1983, and included a "recognition clause" which stated that for the purposes of the agreement, the appropriate bargaining unit was defined by a January 1981 order of the BMS. The bargaining unit established by the order is:

[a]ll employees of Cass County * * * excluding * * * employees who hold positions of a temporary or seasonal character for a period not in excess of 100 working days in any calendar year * * *.

Effective June 15, 1983, the legislature amended the definition of "public employee." Prior to the amendment a "public employee" was any person employed by a public employer except:

[e]mployees who hold positions of a basically temporary or seasonal character for a period not in excess of 100 days in any calendar year.

Minn.Stat. § 179.63, subd. 7(f) (1982). The 1983 amendment reduced the 100-day requirement to 67 days. 1983 Minn.Laws ch. 364, § 1, now recodified at Minn.Stat. § 179A.03, subd. 14(f) (1984).

In August 1983 the contract between Cass County and Council 65 was opened to renegotiate wages. A new contract was signed by Cass County and Council 65 on August 30, 1983. The wage clause was amended and extended for an additional year, thus extending the contract for an additional year. The recognition clause was not changed.

In October 1983 the Board of Commissioners created a position for an assistant to the zoning administrator. Jensen applied for the new position but was not chosen.

Council 65 claimed that Jensen was included in the bargaining unit and thus was entitled to file a grievance. When the county rejected this claim, Council 65 petitioned the director of the BMS for clarification or amendment of the appropriate unit. Specifically, it asked the director to determine whether "an employee with over 67 work days as of June 1, 1983, came under the description of the appropriate unit."

After a hearing the director issued a unit clarification in which he found that amendments to the Public Employees Labor Relation Act (PELRA), Minn.Stat. § 179.61–.76 (1982), are effective as of the date of the amendment, provisions of the contract cannot be in conflict with PELRA, and Jensen

was included within the appropriate unit as of her 68th day of employment.

Cass County appealed to the PERB, which concluded that the director was correct in finding that the statutory amendment to Minn.Stat. § 179.63, subd. 7 (Supp. 1983), which expanded the definition of public employee to include temporary employees who worked more than 67 days, applied to Jensen and that she was a public employee because she worked more than 67 days in 1983. However, it also determined that the amendment to the law did not operate to automatically include Jensen in the appropriate unit and that the appropriate unit should not be expanded during the life of an existing contract which was signed after the effective date of the statutory amendment. Council 65 appeals.

## ISSUE

Can the BMS amend the terms of an existing collective bargaining agreement by applying a newly enacted statutory amendment which expands the definition of "public employee?"

## DISCUSSION

The central issue in this case is the application of Minn.Laws 1983 ch. 364, § 1, to an existing collective bargaining agreement. By defining a public employee as one whose position is basically temporary and not for more than 67 working days in a calendar year, the statute expands the pool of those eligible for inclusion in a collective bargaining agreement. Upon petition by Council 65, the BMS concluded that provisions of a collective bargaining agreement cannot be in conflict with any provisions of PELRA. It therefore redefined the bargaining unit to include Jensen and in effect amended the collective bargaining agreement. PERB reversed the decision and excluded Jensen from the bargaining unit, reasoning that even though Jensen was now a public employee the bargaining unit should not be expanded during the life of the existing contract even if the contract was signed after the effective date of the statutory amendment.

Initially we consider the status of the August 1983 contract. Council 65 strenuously argues that the contract was opened only because a specific provision allowed wages to be renegotiated, and nothing else was considered when renegotiating. The record supports Council 65's contention. If in fact Council 65 and Cass County had negotiated a new agreement and retained the 100-day exclusion for temporary employees, after the effective date of the statutory change, the agreement would have had to have been changed. *See* Minn.Stat. § 179.66, subd. 5 (1982). The August agreement was merely a continuation of the earlier agreement adopted by the parties in April. In any event, it is the initial agreement signed in April which is at issue, for Jensen reached her 68th day of employment well before the August agreement was signed, and the BMS concluded that the agreement was modified by statute as of the effective date of the amendment, June 15, 1983. Therefore, PERB erred by basing its decision upon the August, rather than the April, agreement.

█ PELRA requires that a contract be consistent with the statutes. *See* Minn. Stat. § 179.66, subd. 5; Minn.Stat. § 179.-70, subd. 3 (1982); *Minnesota Arrowhead District Council 96 of AFSCME v. St. Louis County,* 290 N.W.2d 608, 611 n. 4 (Minn.1980). Thus, BMS was obligated to redefine the bargaining unit to make it consistent with Minn.Laws 1983 ch. 364, § 1. By redefining the bargaining unit, it was simply incorporating a change already made by the legislature. This case is unlike *Patzwald v. Public Employment Relations Board,* 306 N.W.2d 118 (Minn. 1981), another case which considered the appropriate bargaining unit. There was no statutory amendment involved in *Patzwald.* Here, with certain exclusions, all Cass County employees except temporary employees are members of the appropriate unit. Temporary employees are not included in the unit because they are not public employees under the statute. When Jensen became a public employee as a matter

of law, she also became a member of the bargaining unit.

■ Cass County argues that the BMS applied 1983 Minn.Laws ch. 364, § 1, retroactively. We do not agree. The BMS concluded that the agreement was modified by statute as of the effective date of the amendment, June 15, 1983. Jensen did not reach her 68th day of employment until after the effective date of the statute. Thus, the county had the opportunity to terminate her employment after the effective date of the statute but before she worked the 67 days which entitled her to "public employee" status.

Cass County also argues that if Minn. Laws 1983 ch. 364, § 1, is applied to a collective bargaining agreement already in effect, it impairs the contract obligation between it and Council 65 and violates the contract clause of both the Minnesota and U.S. constitutions.

Initially we consider whether Cass County has standing to present this issue for our decision. Generally public officials "charged with the performance of a ministerial duty will not be allowed to question the constitutionality of such a law." *Neeland v. Clearwater Memorial Hospital,* 257 N.W.2d 366, 369 (Minn.1977) (quoting *State ex rel. Clinton Falls Nursery Co. v. County of Steele,* 181 Minn. 427, 430, 232 N.W. 737, 738 (1930)). However,

> [t]here is found among the authorities a well recognized exception to the foregoing rule when the rights of the state or the public interest are involved.

*Clinton Falls Nursery Co.,* 181 Minn. at 431, 232 N.W. at 738. Further,

> the interest required to give standing to a political subdivision must be one predicated upon some adverse effect upon the governmental unit.

*Commissioner of Taxation v. Crow Wing County,* 275 Minn. 9, 13, 144 N.W.2d 717, 719 (1966).

■ In this case Cass County has a direct interest in the question involved—the application of Minn.Laws 1983 ch. 364, § 1, to the agreement between it and Council 65. The county is not challenging a statute which charges it with the performance of a ministerial duty. Rather, it questions its own rights in the collective bargaining agreement and stands to suffer an adverse effect if a statute is applied. Therefore, we conclude that Cass County may properly present the impairment issue for our decision. "[T]he standing doctrine is primarily designed to guarantee that there is a sufficient case or controversy between the parties so that the issue is properly and competently presented to the court." *Minnesota State Board of Health v. City of Brainerd,* 308 Minn. 24, 30, 241 N.W.2d 624, 628 (1976). Its function has been served in this case.

■ The State's police power is constrained by the federal and state constitutional prohibition against the passage of a law that impairs the obligation of contract. Under the federal prohibition against contract impairment, U.S. Const., art. I, § 10, cl. 1, as construed, a state has some power to modify contract terms if it is required in the public interest. *Christensen v. Minneapolis Municipal Employees Retirement Board,* 331 N.W.2d 740, 750 (Minn.1983). A three-part test is applied to determine whether a contractual impairment violates the federal contract clause. *Id.* First, the state law must operate as "a substantial impairment of a contractual relationship." *Id.* See also *Allied Structural Steel v. Spannaus,* 438 U.S. 234, 244, 98 S.Ct. 2716, 2722, 57 L.Ed.2d 727 (1978). As the severity of the impairment increases, so does the level of scrutiny. *Christensen,* 331 N.W.2d at 750. Second, if there is a substantial impairment, the law may be valid if the state has a "significant and legitimate public purpose behind the regulation." *Minnesota Trust Co. of Austin, Minnesota v. Hatch,* 368 N.W.2d 372 (Minn.Ct. App.1985) (quoting *Energy Reserves Group Inc. v. Kansas Power and Light Co.,* 459 U.S. 400, 411, 103 S.Ct. 697, 705, 74 L.Ed.2d 569 (1983)). Finally, the state action is examined in light of the public purpose to determine "whether the adjustment of the rights and responsibilities of

the contracting parties [is based] upon reasonable conditions and [is] of a character appropriate to the public purpose justifying [the legislation's] adoption." *Christensen* (quoting *Energy Reserves Group, Inc.,* 459 U.S., at 412, 103 S.Ct. at 705–06 (brackets in the original)). This test is also applied to challenges which rely upon our state's contract clause. *Minnesota Trust Co.*

■ In determining the extent of impairment, we consider whether the activity regulated by the statute has been regulated in the past. *Energy Reserves Group.* The history of regulation of public employment in Minnesota is a long one. *See* Note, Public Employment Labor Relations Act of 1971, 57 Minn.L.Rev. 134 (1972). Moreover, public employee relations are heavily regulated. PELRA is a comprehensive public employment labor relations system. *Id.* In this case a statutory definition of a public employee was incorporated into a unit determination, which was in turn interpreted into the collective bargaining agreement. The statute in question merely redefines a public employee. Since the legislature had originally defined public employee, it was clearly foreseeable that the definition could change. Thus, Cass County's reasonable expectations have not been impaired by the statutory amendment. We therefore hold there is no substantial impairment of the contract relationship. It is unnecessary to consider the remainder of the three-part test.

### DECISION

A statute expanding the definition of public employee must be applied when enacted. In this case there is no unconstitutional impairment to the collective bargaining agreement.

Reversed.

POPOVICH, C.J., concurs specially.

POPOVICH, Chief Judge, concurring specially.

I respectfully make the following observations:

1. Genilla Jensen was specifically hired for 100 days or less because of the applicable law in 1982. The collective bargaining agreement in effect in 1983 was signed on April 5 and included a clause that the appropriate bargaining unit excluded employees holding temporary positions not in excess of 100 working days.

When the legislature enacted the new law effective June 15, 1983 reducing the 100 day requirement to 67 days, it could not retroactively abrogate existing contracts. In August 1983, however, the contract was reopened to renegotiate wages and a new contract was signed on August 30, which not only changed wages but extended the durational clause another year through 1984. At that point, the new law was applicable prospectively. The parties were bound by it and should have changed the bargaining unit clause in the contract to comply with the new law.

Jensen had over 67 days of employment before the new contract was signed and had worked additional days totaling 93 when her employment was terminated October 16. When the new position was created in October, Jensen was eligible as an existing employee because of the new law. PERB erred in determining that the law was not applicable to include Jensen in the appropriate unit.

2. A statute is presumed to be prospective in application unless the legislature "clearly and manifestly" intends it to be retroactive. *Krause v. Merickel,* 344 N.W.2d 398 (Minn.1984); Minn.Stat. § 648.-21 (1982). In *Brugger v. Brugger,* 303 Minn. 488, 229 N.W.2d 131 (1975), the supreme court considered whether a statute amending the age of majority from 21 years of age to 18 relieved the defendant of his obligation under a dissolution decree to provide support for his 18-year-old child. The court construed the statutory change together with Minn.Stat. § 654.21 which creates a presumption against a statute's being given a retroactive effect. It reasoned that an obligation created prior to the enactment of the statute should not be changed by its enactment. It noted that

the consequences of permitting a retroactive application of the statute would be unfair and unjust. The court held that the statute changing the age of majority had no retroactive effect on provisions for the support of children contained in divorce decrees entered prior to the enactment of the statute.

3. This case presents a similar situation. When Jensen was hired to work less than 100 days per year, the bargaining unit, as defined by the BMS, excluded those working less than 100 days a year. More importantly, the collective bargaining agreement in effect at the time of the statutory change excluded those working less than 100 days a year. It was consistent with the statute then in effect when the original agreement was signed. Neither the county nor the union contemplated a legislative change which would expand the definition of a public employee.

4. Prior to the enactment of the 1983 statute, Cass County did not have any obligation to Jensen under the collective bargaining agreement. It had purposely hired her for less than 100 days in a calendar year so it would have no obligations. If a new contract had not been negotiated in August 1983 and the original contract had been allowed to expire at the end of its original duration clause, Jensen would not have been included. When the parties renegotiated in August, however, she became a member of the appropriate unit by prospective operation of the statute. The unit clause in the contract should have been modified to comply with the new law. Thus, I would include Jensen within the terms of the bargaining unit but for different reasons than those given by BMS and PERB.